# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 14, 2008

Charles R. Fulbruge III
Clerk

No. 06-20019

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MAKEBA DEHRON THOMAS

Defendant-Appellant

Appeal from the United States District Court for the
Southern District of Texas, Houston Division
USDC No. 4:03-cr-00330-7

Before HIGGINBOTHAM, DAVIS, and SMITH, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Makeba Dehron Thomas ("Thomas") appeals from a final judgment of conviction and sentence following a jury verdict. Thomas was convicted of possession with intent to distribute more than fifty grams of cocaine base, a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). Although Thomas raises a number of issues on appeal, we consider only whether the district court violated Thomas's Sixth Amendment right to self-representation. For the reasons set forth below, we reverse and remand.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

On August 16, 2004, the district court appointed attorney Gordon McKinley White to represent Thomas. Two months later, on October 21, 2004, Thomas filed a "Motion to Act as Counsel," alleging that "Petitioner prays that this Honorab [sic] court will see the seriousness of Petitioner [sic] current position and grant Petitioners [sic] motion to represent himself or in alternative act as co counsel" and concluded that "Defendant Thomas is entitled to a hearing on whether defendant is competant [sic] to act as his own attorney." On February 17, 2005, Thomas filed a letter with the district court inquiring about the status of his case, renewing his complaints regarding his counsel, and stating that "he has a constitutional right to represent himself," "has relayed this right to the district court for months," and "asks that his entire file be turned over to him so he can exercise this right." The district court never held a hearing regarding Thomas's repeated requests to represent himself.

The only hearing related to Thomas's motion and request was held on the morning of trial, on April 11, 2005. At that hearing, the court addressed Thomas's pretrial motion based on ineffective assistance of counsel, a motion filed April 1, 2005. The court denied this motion and did not allow Thomas to speak despite his attempt to do so.

On April 13, 2005, the jury found Thomas guilty. The district court sentenced Thomas to a 188-month term of imprisonment followed by a 5-year term of supervised release. Thomas timely appealed.

II.

A criminal defendant has a constitutional right to proceed without defense counsel — to represent himself — if he knowingly and intelligently elects to do so. Faretta v. California, 422 U.S. 806, 807 (1975). Once a defendant invokes his right to represent himself, the trial court must conduct a hearing to ensure that the defendant's invocation of that right is knowing and intelligent. See

United States v. Davis, 269 F.3d 514, 518 (5th Cir. 2001). To trigger the court's duty to conduct such a hearing, the defendant's invocation of his right to self-representation must be timely and unequivocal. See United States v. Majors, 328 F.3d 791, 794 (5th Cir. 2003). Denial of the right of self-representation requires reversal without harmless error analysis. Id.

Here, Thomas's invocation of his right to self-representation was both timely and unequivocal. Months before trial, Thomas made two requests that he be allowed to represent himself. In the second of these unequivocal requests, his February 17, 2005 letter, Thomas stated that he has a constitutional right to represent himself and requested that his entire file be turned over to him so that he could do so. The district court did not act on these repeated requests and did not conduct a hearing on the requests. The government concedes error and agrees that reversal is required. Because Thomas's Sixth Amendment right to self-representation was violated, we must reverse this conviction.

III.

For the foregoing reasons the conviction and sentence of Thomas is reversed. We remand this case to the district court for further proceedings consistent with this opinion.

REVERSED and REMANDED.